UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

UNITED STATES OF AMERICA,                                      Case No. 2:25-cv-01384-HL

           Plaintiff,                                      FINDINGS AND
                                                               RECOMMENDATION

    v.


THOMAS BARNES,
              Defendant.

_____

HALLMAN, Magistrate Judge

      Plaintiff United States of America ("United States") brings suit against Defendant

Thomas Barnes ("Barnes") to recover a monetary forfeiture in the amount of $80,000.00. Compl.

¶ 1, ECF 1. Now before this Court is the United States' Motion for Default Judgment, Mot. for

Default J. ("Mot."), ECF 7, based on the Court's prior entry of default, Order, ECF 5. For the

reasons set forth below, this Court recommends that the United States Motion for Default

Judgment be GRANTED.


Page  1  - FINDINGS AND RECOMMENDATION

## BACKGROUND

"The Preventing Illegal Radio Abuse Through Enforcement Act ('PIRATE Act')," 47

U.S.C. § 511, "provides that any person who willfully and knowingly does or causes or suffers to

be done any pirate radio broadcasting shall be subject to a fine of not more than $2,000,000 and

not more than $100,000 for each day during which such offense occurs," Compl. ¶ 9.

The Federal Communications Commission ("the Commission") is authorized to assess a

forfeiture penalty against any person who violates the Act. *Id.* at ¶ 11. The Commission may

issue a forfeiture penalty after:

> (A) the Commission issues a notice of apparent liability, in writing, with respect
> to such person;
>
> (B) such notice has been received by such person, or until the Commission has
> sent such notice to the last known address of such person, by registered or
> certified mail; and
>
> (C) such person is granted an opportunity to show, in writing . . . why no such
> forfeiture penalty should be imposed.

*See* 47 C.F.R. § 1.80(g)(1)-(3). The Commission's forfeiture penalties are "payable into the

Treasury of the United States" and are "recoverable . . . in a civil suit in the name of the United

States[.]" 47 U.S.C. § 504(a).

Barnes operated a "pirate" radio station in LaGrande, Oregon. Compl. ¶¶ 16–21, 25–30,

35–38. The Commission sent Barnes a notice of apparent liability for forfeiture on March 15,

2023. Compl. Ex. H, ECF 1-8. The proposed forfeiture amount was $80,000.00. *Id.* at 6; *see also*

Compl. ¶ 48. The notice was sent to Barnes, and he was given an opportunity to show cause, in

writing, why the forfeiture should not be assessed. Compl. ¶ 49. Barnes did not respond to the

notice. *Id.* at ¶ 50.

On October 13, 2023, the United States issued a Forfeiture Order in the amount of

$80,000 and ordered Barnes to pay within 30 days. Compl. ¶¶ 51–53; *see also* Compl. Ex. J,

ECF 1-10. Barnes did not pay, Compl. ¶ 55, and this action followed.

## LEGAL STANDARDS

Under Fed. R. Civ. P. ("Rule") 55(a), the clerk of the court is required to enter an order of

default if a party against whom affirmative relief is sought has failed to timely plead or otherwise

defend an action. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for

affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

affidavit or otherwise, the clerk must enter the party's default."). For the purposes of default

judgment, all well-pleaded allegations in the complaint, except those relating to damages, are

assumed to be true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see also*

*TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (providing the general

rule that "the factual allegations of the complaint, except those relating to the amount of

damages, will be taken as true").

"A default judgment must not differ in kind from, or exceed in amount, what is

demanded in the pleadings." Fed. R. Civ. P. 54(c). When the plaintiff's claim is not for a sum

certain or a sum that can be made certain by computation, the court may conduct hearings to

effectuate a judgment as needed to conduct an accounting, determine damages, establish the truth

of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2)(A)-(D). A

sum is certain when "no doubt remains as to the amount to which a plaintiff is entitled as a result

of the defendant's default." *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*,

375 F.3d 922, 929 (9th Cir. 2004).

"Rule 55 provides that 'after the clerk's entry of default against a defendant, a court may enter default judgment against that defendant.'" *Glacier Films (USA), Inc., v. Tenorio*, No. 3:15-cv-01729-SB, 2016 WL 3766465, at *1 (D. Or. June 22, 2016) (quoting *FirstBank Puerto Rico v. Jaymo Props., LLC*, 379 F. App'x 166, 170 (3d Cir. 2010)). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). When exercising that discretion, courts in this circuit consider the factors discussed in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). *Glacier Films*, 2016 WL 3766465, at *1. The *Eitel* factors are (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the operative complaint; (4) the sum of money at stake in the litigation; (5) the possibility of a dispute over material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72. The court's analysis begins with "the general rule that default judgments are ordinarily disfavored." *Id.* at 1472 (citation omitted).

## DISCUSSION

### I.    Procedural Requirements.

This Court first considers whether the United States has complied with all necessary procedural requirements to obtain a default judgment.

As a preliminary matter, this Court is satisfied that it has subject matter jurisdiction and personal jurisdiction. A district court "has an affirmative duty" to determine whether it has subject matter jurisdiction and personal jurisdiction over the defendant before entering a default judgment. *Allstream Bus. US, LLC v. Carrier Network Sols., LLC*, Case No. 3:20-cv-01970-IM, 2021 WL 3488086, at *3 (D. Or. Aug. 9, 2021); *see also In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal

question), 1345 (United States as Plaintiff), and 1355 (fines, penalties, or forfeiture). Moreover, this Court has personal jurisdiction over Barnes because he was operating his pirate radio station in La Grande, Oregon, and he was found and served with process in La Grande. *See* 28 U.S.C. § 1395(a) ("A civil proceeding for the recovery of a pecuniary fine, penalty or forfeiture may be prosecuted in the district where it accrues or the defendant is found."); *see also* Aff. of Service, ECF 4.

In addition, the United States has satisfied the procedural requirements for entry of a default judgment under Rules 55(a), 55(b), and 54(c). This Court properly entered default against Barnes under Rule 55(a), Order, ECF 6, and the United States' requested default judgment does not differ in kind or exceed the remedy pleaded in the Complaint, Fed R. Civ. P. 54(c); *see also* Compl. ¶ 58 (stating that the United States is seeking to enforce the $80,000 forfeiture). Barnes was personally served, *see* Aff. of Service, and he did not appear personally or by a representative and is not entitled to written notice of the application for default judgment, Fed. R. Civ. P. 55(b)(2); *Allstream*, 2021 WL 3488086, at *4. Accordingly, all procedural requirements for a default judgment are satisfied.

## II.    Default Judgment Under Rule 55.

Finding procedural compliance, this Court now turns to Plaintiff's Motion for Default Judgement, first considering whether discretion should be exercised to enter a default judgment under the *Eitel* factors, and then considering whether the United States is entitled to the damages and costs that it seeks.

### A.    *Eitel* factors.

On balance, the *Eitel* factors weigh in favor of granting the United States' Motion for Default Judgment. Each factor is discussed in turn.

The first *Eitel* factor favors the United States, which will be prejudiced if default judgment is not entered because it does not have another way to resolve its claim against Barnes. *See, e.g.*, *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010) ("[W]here a defendant's failure to appear makes a decision on the merits impracticable, if not impossible, entry of default judgment is warranted.") (internal quotations omitted).

The second and third *Eitel* factors "require that a plaintiff state a claim on which [it] may recover" and are often analyzed together. *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002); *see also Allstream*, 2021 WL 3488086, at *5. Here, the United States issued a valid forfeiture penalty and has the authority to recover that penalty in this action. *See* 47 U.S.C. § 504(a). The United States has stated a claim upon which it may recover the forfeiture penalty that it seeks.

Under the fourth *Eitel* factor, the Court must balance the sum of money at stake in relation to the seriousness of the defaulting party's conduct. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176; *see also Walters v. Statewide Concrete Barrier, Inc.*, No. C-04-02559 JSW MEJ, 2006 WL 2527776, at *4 (N.D. Cal. Aug. 30, 2016) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted."). Although the forfeiture amount is not insubstantial, it is proportionate to the harm caused, particularly in light of the Commission's statutory authority to impose a forfeiture remedy of up to $2,000,000. *See* 47 U.S.C. § 511.

The fifth *Eitel* factor considers the possibility that material facts are disputed. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Because Barnes has not responded in the administrative proceedings or in this proceeding, and because the administrative record is clear, it is not clear which, if any, material facts would be in dispute. *See id.*

Page 6  - FINDINGS AND RECOMMENDATION

The sixth *Eitel* factor is whether the default was due to excusable neglect. *Eitel*, 782 F.2d at 1472. Barnes was served with the Complaint, but he failed to respond. There is no sign that Barnes' default resulted from excusable neglect. Barnes has received notice of the violations, the forfeiture penalty, and this action, and he has consistently failed to respond. There is no evidence that his failure to engage with United States or respond in this action was excusable neglect.

The seventh *Eitel* factor reminds the Court that judgment on the merits is preferred over judgment by default. *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009). Courts recognize, however, that "this preference, standing alone, is not dispositive." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Despite this, when a party completely fails to respond, a decision on the merits is impracticable, and default judgment is warranted. *Craigslist, Inc.*, 694 F. Supp. 2d at 1061. This factor is either neutral or favors default judgment.

In short, the Court finds that six of the *Eitel* factors support a default judgment and recommends entering a default judgment in the United States' favor.

### B.    Damages.

Turning to the remedy, the United States seeks $80,000 for the forfeiture amount. Compl. ¶ 58. This Court does not accept as true the Complaint's allegations of damages. *See TeleVideo Sys.*, 826 F.2d at 917–18. But the exhibits attached to the Complaint, which include supporting declarations, provide factual support for the United States' claim that Barnes owes the forfeiture penalty of $80,000 plus the legal rate of interest post-judgment until paid in full, pursuant to 28 U.S.C. § 1961. DeLorenzo Decl. ¶ 5, ECF 5-1. And the United States' claim is for a sum certain because "no doubt remains as to the amount to which [the United States] is entitled as a result of [Barnes'] default." *Franchise Holding II*, 375 F.3d at 928–29. Default judgement should therefore be entered in the amount of $80,000.00.

**C.    Costs.**

Finally, the United States seeks $405.00 in costs, which represents the filing fee in this action. This Court finds that it is recoverable under 28 U.S.C. § 2412(a)(2).

## RECOMMENDATION

This Court recommends that the United States' Motion for Default Judgment, ECF 7, be GRANTED. The following judgment should be entered:

> It is hereby ADJUDGED that plaintiff recover from defendant the sum of $80,405.00. Post-judgment interest shall accrue at the legal rate pursuant to 28 U.S.C. § 1961(a) and shall be computed daily and compounded annually until paid in full.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from Service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to de novo consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED February 9, 2026.

_____

ANDREW HALLMAN
United States Magistrate Judge